# LAW OFFICE OF PAUL W. BERGRIN

A PROFESSIONAL CORPORATION
Certified Criminal Trial Attorney by the NJ Supreme Court

ATTORNEYS AT LAW
ROBERT TREAT CENTER
50 PARK PLACE, 10TH FLOOR
NEWARK, NEW JERSEY 07102

**PAUL W. BERGRIN**
Certified Criminal
Attorney by the NJ
Supreme Court

_____

(973) 242-3700
Fax (973) 242-3799
Web Site: www.criminaldefenselawyers.com/BergrinPW
E-Mail pbergrin@bergrin-firm.com

April 24, 2008

The Honorable Raymond J. Dearie, U.S.D.J.
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **_United States of America v. Vito Rappa_**
*Docket No.: 07-CR-56-10*

Dear Judge Dearie:

**Introduction**

The defendant, Mr. Vito Rappa, supplements his February 20, 2008 letter memorandum which objects to the recommendations in the Pre-Sentence Report (hereinafter "PSR"). This letter memorandum will discuss the 18 month custodial sentence recommended by the U.S. Probation Department.

The plea agreement establishes a total offense level of 15. This level carries a range of imprisonment of 18 to 24 months under Criminal History Category I. Mr. Rappa asks that this Court not only give accord to the plea agreement with respect to the imposition of sentencing, but consider a downward adjustment of at least four (4) levels for both his mitigating role in the instant offense and for the global plea downward departure. Mr. Rappa's role in the instant offense is that of a minimal or minor participant. As such, he can and should receive a three (3) level downward departure pursuant to the Advisory Guidelines as a minor participant. Also, Mr. Rappa has not been credited with a one (1) level reduction pursuant to the global plea downward departure stipulation between the United States and all defendants. U.S. v. Garcia, 926 F. 2d 125 (2d Cir. 1991).

**Defendant's Behavior**

Vito Rappa is forty years of age and this is his first criminal conviction. Prior to the present allegations, he has otherwise led a law-abiding life. Based upon the fact that this case represents his first major involvement with the criminal justice system we firmly submit that he would be amenable to probationary treatment. Furthermore, based upon his child support responsibilities, remorse and his present willingness to accept the consequences of his actions we assert that in accord with the mitigating factors enunciated in 18 U.S.C. § 3553(a), the Court should downwardly depart and sentence the defendant to a probationary sentence.

The defendant is married and has three young children that he supports. His three sons Francesco, Anthony, and Vito will turn 10, 6 and 4 years of age this year, respectively. In addition, he owns and operates an Italian restaurant in New York City. Mr. Rappa works long hours managing his own business to ensure it's smooth operation and customer satisfaction. Mr. Rappa, through this restaurant, is responsible for the livelihood of many employees that will suffer at the loss of his business. He is a hardworking family man who is a devout Catholic and attends church regularly. Both his family and his employees completely rely on Mr. Rappa financially. The defendant intends to continue to reside with his wife and three children upon termination of this case.

**The Law**

In United States v. Koon, 116 S.Ct. 2035 (1996), the Supreme Court explained that there is room under the Guidelines for federal judges to exercise traditional sentencing discretion "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 2053. The Guidelines "place essentially no limit on the number of potential factors that may warrant departure." The Commission set forth factors courts may not consider under any circumstances, but made clear that with those exceptions, it "does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines that could constitute grounds for departure." U.S.S.G. Ch. 1 Pt. A. intro, Comment. 4(b). Furthermore, the Guidelines make clear that a court should consider in every case, whether a departure is appropriate. United States v. Core, 125 F.3d 75, 76 (2d Cir. 1997) citing U.S.S.G. section 1B1.1(i). In determining the appropriate sentence for any defense, the personal characteristics of the particular individual standing before the court must be considered. These characteristics include a defendant's family circumstances and the one-time nature of the crime of conviction.

Circuit courts have recognized that a downward departure may be appropriate where a defendant's crime constitutes "aberrant behavior." The Third Circuit has long recognized a sentencing court's power to determine whether an offense constituted an atypical act. United States v. Schmick. 21 F.3d 11,12, (2d Cir. 1994); United States v. Ritchey, 949 F.2d 61, 63 (2d Cir. 1991).

In the instant matter, the defendant's actions were clearly and unequivocally a short-lived departure from an otherwise law-abiding life where he sustained no other violations.

In assessing the defendant's situation, it must be noted as a threshold matter that the defendant has no prior criminal record. The present offense is the defendant's first, last, and only offense. The facts indigenous to this case must be assentuated.

Vito Rappa is the brother-in-law of co-defendant Frescesco Nania. Vito is married to Francesco's sister and Francesco is married to Vito's sister. They grew up together in Sicily and share an inseparable bond. Their respect, love and admiration for each other cannot be assentuated enough. Vito and his family migrated to the United States approximately ten (10) years ago and he became a United States citizen. His dedication and devotion to his family and our Country is extraordinary.

Francesco immigrated from Sicily, Italy with his wife approximately four (4) years ago in search of a better life and to live the American dream. He worked long hours in construction, filed tax returns and supported his family. Francesco was arrested for illegally entering the United States and Vito was approached by his cousin, co-defendant Joseph Zucarelli, who informed Vito that he had a contact who could secure Francesco's release from federal immigration detention. Vito and Francesco agreed to pay this alleged friend of their cousin which resulted in the charges in this case.

In my thirty (30) year career, I have never seen individuals as sincerely remorseful and contrite. In essence, Vito wanted his brother released from detention so that he could support and care for Francesco's newly born infant and wife.

**<u>The Combination of Factors</u>**

While the defendant's one-time nature of the conviction independently allows for a downward departure, the combination of these factors place his case significantly outside the "heartland cases." "Given the Sentencing Commission's acknowledgment of the 'vast range of human conduct' not encompassed by the Guidelines, a unique combination of factors may constitute the 'circumstance' that mitigates" thus allowing for departure. <u>United States v. Cook</u>, 938 <u>F.2d</u> 149 (9th Cir. 1991). Whether the Court elects to depart independently or based upon the combination of mitigating circumstances presented, the case law clearly permits downward departure.

**<u>Discretionary Guidelines</u>**

Title 18 U.S.C. §3553 (a) states that the Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes [of sentencing]. . . The purposes of sentencing are

(A) . . . just punishment for the offense;

(B) . . . adequate deterrence. . .;

(C) . . . protect the public . . .; and

(D). . .provide the defendant with needed educational or vocational training, medical care or other correctional treatment. . .

Probation's interpretation of U.S. v. Booker and Fanfan, 543 U.S. __, 125 S.Ct. 738 (2005) that the Blakely decision only invalidated those provisions that made application of the Guidelines mandatory and that the balance of the Guidelines and Sentencing Reform Act are constitutionally valid is erroneous. In Booker, the Supreme Court first held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

In the second part of the Supreme Court's decision, provisions of the Act that made the Guidelines mandatory (18 U.S.C. § 3553(b)(1) and 3742(e)) were excised. The Supreme Court concluded that without these provisions that imposed binding requirements on all sentencing judges, the statute falls outside the scope of Apprendi and satisfies the constitutional requirements. The portions of the Act that are "capable of functioning independently" were retained if they could be applied in a constitutional fashion consistent with Congress' basic objectives in enacting the Act. Id. at 764.

Probation's view that the retained version of the Guidelines remain unchanged is incorrect. The majority opinion clearly stated that portions of the Act that were "capable of functioning independently" would be retained. §3B1.1(a) of the Guidelines is capable of functioning independently, but not in the fashion suggested in the PSR where a sentence of 18 months custody is recommended.

The Supreme Court has acknowledged that the Guidelines cannot remain unchanged. In the last sentence of part III of the majority opinion, Justice Breyer advised, "[O]urs, of course, is not the last word: The ball now lies in Congress' court. The National Legislature is equipped to devise and install, long-term, the sentencing system, compatible with the Constitution, that Congress judges best for the federal system of justice." Id. at 768. Justice Breyer also supported the majority's decision to retain the Act as advisory, that "prosecutors and defense attorneys would still resolve the lion's share of criminal matters through plea bargaining." This would suggest that in order for a custodial sentence to be imposed, the defendant would have to be sentenced to a a total offense level of 15 which carries a range of imprisonment of 18 to 24 months under Criminal History Category I without any consideration of both his mitigating role in the instant offense and for the global plea downward departure which carries a downward adjustment of at least four (4) levels. Therefore, imposition of a total offense level of 15 should not be applied to Mr. Rappa's without consideration of reducing his offense level.

**Conclusion**

Based upon the combination of circumstances set forth above, we are requesting a downward departure from the sentencing guidelines as a probationary sentence is the just punishment for this offense. A sentence of greater than probation is not required to deter the defendant from future criminal activity, to protect the public or to induce rehabilitative efforts. For all of these reasons, it is respectfully requested that the Court impose a probationary term. In the alternative, the defendant would respectfully request that the Court take into consideration the above objections when imposing sentence and that the court hold a hearing on these matters prior to imposition of sentence.

Thank you for your consideration of this matter.

Very truly yours,

LAW OFFICE OF PAUL W. BERGRIN, P.C.

BY: PAUL W. BERGRIN

cc: The Honorable Raymond J. Dearie, U.S.D.J.
Paige M. Peterson, A.U.S.A.
Vito Rappa